UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VICTOR L. TILLMAN,

        Plaintiff,

v.                                    CASE NO. 08-13685
                                      HONORABLE ARTHUR J. TARNOW
THE DETROIT POLICE DEPARTMENT
and ELLA B. CUMMINGS,

        Defendants.
_____/

**ORDER
(1) DISMISSING THE DETROIT POLICE DEPARTMENT
AND ELLA B. CUMMINGS,
(2) GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT,
AND (3) DIRECTING SERVICE OF THE COMPLAINT
ON MARIO NEAL AND TAMYRA HARRIS HARDY**

**I. Introduction**

      Plaintiff Victor L. Tillman has filed a *pro se* civil rights complaint for money damages pursuant to 42 U.S.C. § 1983. Defendants are the Detroit Police Department and its former Chief of Police, Ella B. Cummings. The complaint and exhibits allege that, on December 16, 2007, Anthony Higginbotham threatened a cashier at the University Food Market on West Warren Avenue in Detroit. Plaintiff was a security guard at the market, and he helped to subdue and handcuff Mr. Higginbotham. Three police officers (Mario Neal, Tamyra L. Harris Hardy, and an unnamed sergeant) arrived at the scene and escorted Mr. Higginbotham out of the store. Then the officers arrested Plaintiff and charged him with assaulting Higginbotham. Plaintiff maintains that the officers did not interview witnesses, nor conduct an investigation, and that

*Tillman v. Detroit Police Dep't, et al.,* No. 08-13685

they should be held liable for falsely imprisoning him and for committing perjury at his subsequent parole violation hearing.

On October 10, 2008, the Court ordered Plaintiff to show cause why his complaint should not be dismissed for failing to demonstrate that the Detroit Police Department and Ella B. Cummings were personally involved in, and liable for, the incident about which he complains. In response to the Court's order, Plaintiff filed a document entitled "Cause" and a motion to amend his complaint. The document and motion to amend reiterate and supplement facts set forth in the complaint.

## II. Discussion

### A. Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. An indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The former occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327-28). The Court must ask "whether [the plaintiff's] complaint makes an arguable legal claim and is based on rational facts." *Id.* at 923-24.

*Tillman v. Detroit Police Dept.*, No. 08-13685

While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, __, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations and footnote omitted).

**B. Application**

Plaintiff seeks to hold Ms. Cummings liable for the actions or inactions of her subordinates. Vicarious liability, however, is not a basis for relief under § 1983. *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 694-95 (1978)). "[D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original). Neither Plaintiff's "cause" argument, nor his motion to amend the complaint, establish that Ms. Cummings was personally involved in arresting and charging Plaintiff. Accordingly, defendant Ella B. Cummings is **DISMISSED** from this lawsuit pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).

*Tillman v. Detroit Police Dept.*, No. 08-13685

The City of Detroit and its Police Department also may not be sued under a theory of vicarious liability. *Canton*, 489 U.S. at 385. The City may be sued under § 1983 for injury inflicted by its employees only if the execution of an official policy or custom caused the alleged deprivation of constitutional rights. *Monell*, 436 U.S. at 694. Plaintiff has not identified a municipal policy or custom and linked that policy or custom to the alleged violation of his rights. Therefore, the City of Detroit Police Department is **DISMISSED** from this lawsuit pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).

**C. The Motion to Amend**

Having dismissed the named defendants, the remaining issue is whether Plaintiff may amend his complaint and proceed with this action. He alleges in his motion to amend the complaint that he is adding new facts to support his answer to the Court's show-cause order. Specifically, Petitioner claims that Officers Mario Neal and Tamyra L. Harris Hardy and the unnamed sergeant falsely arrested and imprisoned him and that Officer Neal committed perjury when he informed the Michigan Parole Board that he conducted an investigation into the incident.

A party may amend his pleading once as a matter of course when, as here, no responsive pleading has been filed. Fed. R. Civ. P. 15(a)(1)(A). Although prisoners generally may not alter or amend their complaints to avoid a summary dismissal, *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999), Plaintiff did mention Officers Mario Neal and Tamyra L. Harris Hardy in his complaint, and he continues to make allegations against them. The Court therefore

*Tillman v. Detroit Police Dept.*, No. 08-13685

construes the complaint to name Mario Neal and Tamyra L. Harris Hardy as party defendants. Plaintiff's motion to amend his complaint [Dkt. 6] is **GRANTED**.

The Clerk of Court is **ORDERED** to add Mario Neal and Tamyra L. Harris Hardy as defendants and to terminate Ella B. Cummings and the Detroit Police Department as defendants. The United States Marshal is **ORDERED** to serve the appropriate papers on Mario Neal and Tamyra L. Harris Hardy without prepayment of the costs for such service.  The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

Plaintiff is **ORDERED** to serve a copy of all future documents on defendants Mario Neal and Tamyra L. Harris Hardy or on their attorneys if legal counsel represents them.  Plaintiff shall attach to all original documents filed with the Clerk of the Court a certificate stating the date that Plaintiff mailed a copy of the original document to the defendants or to defense counsel. The Court will disregard any paper received by a district judge or a magistrate judge if the paper has not been filed with the Clerk or if it fails to include a certificate of service.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  January 21, 2009

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 21, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary