UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR TILLMAN,

        Plaintiff,                          CIVIL ACTION NO. 08-CV-13685-DT

vs.

                                                 DISTRICT JUDGE ARTHUR J. TARNOW

DETROIT POLICE DEP'T,           MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION AND MOTION FOR REQUEST FOR ADMISSION**

This matter comes before the Court on Plaintiff's Motion for Reconsideration (docket no. 22) and Motion for Request for Admission (docket no. 23). Both motions were filed on May 6, 2009. Defendants have responded to the Motion for Request for Admission. (Docket no. 26). All pretrial matters have been referred to the undersigned. (Docket no. 14). The Court dispenses with oral argument. E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

This is a prisoner civil rights action. (Docket no. 1). Plaintiff seeks reconsideration of this Court's Order entered on April 29, 2009 denying his Motions to Compel because they were premature. (Docket no. 21). Pursuant to this Court's local rules, motions for reconsideration that "merely present the same issues ruled upon by the court" will not be granted. E.D. Mich. LR 7.1(g). In addition, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." (*Id.*). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Guaranty Residential Lending, Inc. v. Homestead Mortgage Co.*, 2006 WL 2711815 at *1 (E.D. Mich. Sept. 21, 2006). Plaintiff does not show a palpable defect in this Court's earlier Order.

He simply reiterates his need for the requested documents.  Accordingly, Plaintiff's Motion for Reconsideration will be denied.

Plaintiff's Motion for Request for Admissions presents a list of questions directed to Officer Tamra Harris-Hardy and Officer Mario Neal.  This motion fails to show that proper service of these Requests for Admission have been made on these two Defendants.  Defendants state that these Requests were not served upon them prior to Plaintiff filing this motion. (Docket no. 26).  Plaintiff is advised that discovery such as requests for admission should first be served on the opposing party and should not be filed with the Court.  If this motion is construed as a motion to compel, it is premature because proper service has not been made on the parties.  Plaintiff's Motion for Request for Admissions will therefore be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (docket no. 22) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Request for Admission (docket no. 23) is **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 28, 2009            s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE