UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR TILLMAN,

       Plaintiff,           CIVIL ACTION NO. 08-CV-13685-DT

  vs.

                                   DISTRICT JUDGE ARTHUR J. TARNOW

DETROIT POLICE DEPARTMENT,    MAGISTRATE JUDGE MONA K. MAJZOUB
ELLA B. CUMMINGS, MARIO NEAL,
and TAMYRA L. HARRIS-HARDY,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** This Court recommends that the Defendants' Motion for Summary Judgment (docket no. 39) be **GRANTED IN PART AND DENIED IN PART**, and the Plaintiff's Dispositive Motion (docket no. 40) be **DENIED**.

**II. REPORT:**

Plaintiff filed this *pro se* civil rights action for money damages pursuant to 42 U.S.C. § 1983 and state law. Plaintiff's claims arise out of an altercation that occurred on December 16, 2007 after a disorderly customer threatened a cashier at a local food market where Plaintiff was employed as a security guard. Plaintiff helped to subdue and handcuff the customer. Three police officers, including Defendants Neal and Harris-Hardy, arrived at the scene and arrested the Plaintiff without a warrant for felonious assault. Plaintiff was charged with assault with intent to do great bodily harm less than murder, assault with a dangerous weapon, felon in possession of a firearm, and felony firearm. (Docket no. 39, Ex. 7). On January 7, 2008 a preliminary examination was held and

1

Plaintiff was bound over for trial. (Docket no. 39, Ex. 6). He was acquitted of all charges on March 19, 2008 following a jury trial. (Docket no. 39, Ex. 7).

At the time of the altercation Plaintiff was out on parole for assault with intent to commit great bodily harm less than murder. Consequently, after the jury trial, the MDOC held a Parole Violation Formal Hearing and found Plaintiff not guilty of possessing a firearm, but guilty of assault in violation of state law. (Docket no. 39, Ex. 1). Shortly thereafter Plaintiff filed the instant lawsuit, alleging in his Amended Complaint that the Defendant officers failed to fully investigate the crime, falsely arrested and imprisoned him, and that Defendant Neal committed perjury at Plaintiff's parole violation hearing. (Docket no. 6). The substance of Plaintiff's Complaint concerns his allegation that after his warrantless arrest he "sat in jail" for ninety-three days waiting to go to trial for crimes he did not commit. (Docket no. 6).

This matter is presently before the Court on the Motion for Summary Judgment filed by Defendant police officers Neal and Harris-Hardy, and the "Dispositive Motion" filed by Plaintiff. (Docket nos. 39, 40). Plaintiff filed a "Statement of Claim" in response to Defendants' motion. (Docket no. 41). All pretrial matters have been referred to the undersigned for action. (Docket no. 14). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A. Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case.

2

*Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**B. Analysis**

1. Personal Capacity vs Official Capacity Claims

Plaintiff's original Complaint in this case seeks money damages from the City of Detroit Police Department and its former Chief of Police, Ella B. Cummings in her official capacity only. On January 21, 2009 the Court dismissed Ella Cummings and the City of Detroit Police Department from this lawsuit, in part because the Complaint failed to identify a municipal policy or custom of the City of Detroit and its Police Department which when executed violated Plaintiff's rights. (Docket no. 7).

At the same time it dismissed the City of Detroit Police Department and Ella Cummings from this lawsuit, the Court granted the Plaintiff's motion to amend his Complaint to add Defendants Neal and Harris-Hardy to the action. (Docket no. 7). Plaintiff's Amended Complaint does not indicate whether he is suing Defendants Neal and Harris-Hardy in their official or personal capacities. Generally, if a Plaintiff does not clearly designate in what capacity he is suing § 1983 defendants, the Court must assume that they are being sued in their official capacities only. *Hawks v. Jones*, 105 F. Supp. 2d 718, 722 (E.D. Mich. 2000). In this case, however, had the district court construed Plaintiff's Amended Complaint as asserting official-capacity claims against Defendants Neal and

3

Harris-Hardy, Plaintiff's motion to amend would have been denied as futile because the Amended Complaint does not identify a governmental policy or custom relative to Plaintiff's claims. Accordingly, this Court will construe Plaintiff's Amended Complaint as asserting only personal capacity claims against Defendants Neal and Harris-Hardy.

    2. False Arrest and False Imprisonment Claims

Plaintiff alleges that Defendants' inadequate investigation led to his false arrest and imprisonment for ninety-three days while he awaited trial for crimes he did not commit. (Docket no. 6). It is unclear from his Amended Complaint whether Plaintiff relies solely on 42 U.S.C. § 1983 for his claims, or whether they are based on state law as well. 42 U.S.C. § 1983 imposes civil liability on any person who, acting under color of state law, deprives another person of a right secured under the Constitution or federal law. *Myers v. Potter*, 422 F.3d 347, 352 (6th Cir. 2005). There is no dispute in this case that the Defendants were acting under color of state law at the time of Plaintiff's arrest.

The Fourth Amendment to the United States Constitution permits law enforcement officers to make warrantless arrests in public places if probable cause exists. *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988). Probable cause exists if the facts and circumstances within the officer's knowledge at the time of the arrest are sufficient to warrant the belief by a prudent person that the suspect has committed, is committing, or is about to commit an offense. *Id*. "A valid arrest based upon then-existing probable cause is not vitiated if the suspect is later found innocent." *Id*. (citation omitted). Under Michigan law, claims of false arrest and false imprisonment also turn on the question of probable cause. *See Blase v. Appicelli*, 489 N.W.2d 129, 131 (Mich. Ct. App. 1992); *Peterson Novelties, Inc. v. Berkley*, 672 N.W.2d 351, 362 (Mich. Ct. App. 2003) (to prevail on a

false arrest and/or false imprisonment claim, a plaintiff must show that the arrest was illegal, meaning it was not based on probable cause).

In cases where a person is arrested without a warrant, the Fourth Amendment requires that there be a prompt judicial determination of probable cause. *Gerstein v. Pugh*, 420 U.S. 103, 124-25 (1975). Failure to conduct a prompt probable-cause hearing following a warrantless arrest constitutes a violation of the Fourth Amendment. *Drogosch v. Metcalf*, 557 F.3d 372, 378 (6th Cir. 2009). " 'Prompt' generally means within 48 hours of the warrantless arrest." *Id.* (citation omitted). Consistent with this mandate, Michigan law requires that an "accused shall be entitled to a prompt examination and determination by the examining magistrate in all criminal causes." Mich. Comp. Laws § 766.1. Under Michigan law arresting police officers are required to take the accused before a magistrate. Mich. Comp. Laws § 764.13. A preliminary examination must be held within fourteen days after the arraignment. Mich. Comp. Laws § 766.4.

Defendants argue that they properly arrested Plaintiff based on abundant evidence showing probable cause. The evidence shows that at the time of Plaintiff's arrest, Defendant Neal observed the customer handcuffed to a metal stockroom shelf with blood "all over his face." (Docket no. 39, Ex. 4). Defendant Harris-Hardy also observed that the customer was handcuffed and had a laceration above his left eye, complaining of pain in his wrists, side and lower back. (Docket no. 39, Ex. 5). The customer complained to Defendant Neal that the Plaintiff and other employees handcuffed him, beat him in the face and body, dragged him on the floor by the chain of the handcuffs, and "beat his ass." (Docket no. 39, Ex. 4). The customer also informed Defendant Neal that Plaintiff continued to beat him after he was handcuffed to the shelf, and hit him with the butt of a gun. (Docket no. 39, Ex. 4). When Defendant Neal frisked the Plaintiff, he found a gun holster

5

attached to his waistband, but no gun was found.

The record shows that a preliminary examination hearing was held on January 7, 2008, approximately 22 days after Plaintiff's arrest. Plaintiff claims to have been detained during this time. There is no evidence in the record showing that an arraignment or other judicial determination of probable cause was made prior to the preliminary examination.

"In general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Logsdon v. Hains*, 492 F.3d 334, 341 (6th Cir. 2007) (citation and internal quotation marks omitted). Based on the record before it, this Court finds that there remains a material question of fact as to whether Plaintiff was afforded a prompt judicial determination of probable cause following his warrantless arrest.[1]

3. Collateral Estoppel

Defendants argue that they are entitled to summary judgment because probable cause was determined at Plaintiff's preliminary examination when Plaintiff was bound over for trial. They assert that because the issue of probable cause was already determined, Plaintiff is barred from relitigating the issue before this Court.

---

[1]Plaintiff was found guilty of violating his parole following the MDOC Parole Violation Hearing. The record is not clear whether Plaintiff was re-incarcerated as a result of his parole violation. Generally, before a plaintiff may recover damages under 42 U.S.C. § 1983 for an alleged unconstitutional conviction or imprisonment, he must show that his conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In analyzing whether a claim is barred by the *Heck* rule, a court must determine "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. A conviction resulting from an unlawful arrest and imprisonment "may become legal once legal process has been instituted." *See Hann v. Michigan*, No. 05-71347, 2007 WL 892414, at *4 (E. D. Mich. March 20, 2007). Therefore, illegal arrest and false imprisonment claims do not necessarily imply the invalidity of a conviction or sentence and are not barred by *Heck*. *Id*.

In support of their motion Defendants have submitted a one-page excerpt of the transcript of the preliminary examination. (Docket no. 39, Ex. 6). The single page document shows that the Plaintiff was bound over for further proceedings as charged. It does not show that the issue of probable cause to arrest the Plaintiff was addressed at the preliminary examination. "[T]he probable cause determination at the preliminary examination is a different issue from the determination of probable cause to arrest a suspect." *Broughton v. Hazelroth*, No. 01-70074, 2006 WL 798959, at *2 (E.D. Mich. March 29, 2006). There is insufficient evidence in the record to show that the issue of probable cause was actually litigated during Plaintiff's preliminary examination.

    4. Qualified Immunity

Defendants assert that they are entitled to qualified immunity on Plaintiff's § 1983 claims. Governmental employees who violate an individual's clearly established constitutional rights are shielded from liability under the qualified immunity exception if they acted under the objectively reasonable belief that his or her actions did not violate those rights. The Court should find that the Fourth Amendment right to a prompt judicial determination of probable cause is so clearly established that a reasonable officer would understand that their failure to promptly bring the accused before a judicial officer after a warrantless arrest violates that right. *See Drogosch v. Metcalf*, 557 F.3d at 379. Therefore, at this stage of the proceeding Defendants have not shown that they are entitled to qualified immunity on the claims of false arrest and false imprisonment.

    5. Inadequate Investigation

Plaintiff alleges that the Defendants failed to conduct an investigation "of any kind" into the underlying incident. (Docket no. 41). He claims that had the Defendants asked the witnesses what took place, he would not have sat in jail for ninety-three days waiting to go to trial for crimes he did

7

not commit. (Docket no. 6).

Defendants argue that Plaintiff has failed to allege a state law claim of negligent investigation. This Court agrees. In *Flones v. Dalman*, 502 N.W.2d 725, 729 (Mich. Ct. App. 1993), the court found that a plaintiff can not bring a state law cause of action for negligent investigation because a police officer's duty to preserve the peace is owed to the public at large, and not to any one individual plaintiff.

This Court construes Plaintiff's allegations of inadequate investigation in the context of whether there was sufficient probable cause to arrest Plaintiff. *See Ahlers v. Schebil*, 188 F.3d 365 (6th Cir. 1999) (considering the extent to which a police officer must investigate in determining whether probable cause exists). Accordingly, to the extent that the Plaintiff has tried to allege an independent cause of action for inadequate or negligent investigation under federal or state law, any such claim should be dismissed.

6. Perjury

Plaintiff argues that Defendant Neal testified at Plaintiff's preliminary examination that he did not look for a weapon, but testified at the MDOC Parole Violation Hearing that he did look for a weapon. (Docket no. 40). He alleges that Defendant Neal's false statement brought about a false arrest. (Docket no. 40).

Plaintiff has not shown that he suffered an injury as a result of Defendant Neal's alleged perjury. Plaintiff's arrest, allegedly without a warrant, occurred before Defendant Neal testified at either the preliminary examination or the MDOC Parole Violation Hearing. Therefore, insofar as Plaintiff seeks damages for perjury which led to his arrest, Plaintiff has failed to assert a cognizable claim. Next, although Plaintiff was bound over for trial following his preliminary examination, there

8

is no evidence in the record that Defendant Neal's statement at the preliminary examination that he did not look for a weapon played a role in the Court's decision to bind Plaintiff over for trial. Finally, Plaintiff was found not guilty of all charges at his criminal trial, including charges of felon in possession of a firearm and felony firearm, and was found not guilty of being in possession of a handgun at his Parole Violation Hearing. Thus, there is no evidence that Defendant Neal's testimony related to whether he did or did not look for a weapon led to Plaintiff's arrest, detention, or conviction.

Even taking Plaintiff's allegations as true, his perjury claim must be dismissed. Under federal and state law, Defendant Neal is entitled to absolute immunity from suit for his testimony in judicial proceedings. *See e.g., Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009); *Oakes v. Mayer*, No. 05-cv-356, 2005 WL 2810692, at *2 (W.D. Mich. Oct. 27, 2005); *Morningstar v. City of Detroit*, 617 F. Supp. 2d 570, 577 (E.D. Mich. 2009). In addition, to the extent Plaintiff argues that he was wrongfully arrested, detained, or convicted based on Defendant Neal's false testimony, Plaintiff's claims are barred under the principles of *Heck v. Humphrey*, 512 U.S. 477 (1994). *See e.g., Oakes v. Mayer*, No. 05-cv-356, 2005 WL 2810692, at *1-2 (W.D. Mich. Oct. 27, 2005).

Accordingly, Plaintiff's claims based on Defendant Neal's perjured testimony should be dismissed.

5. Conclusion

In summary, this Court recommends that this case proceed on Plaintiff's claims of false imprisonment and false arrest, as there are genuine issues of fact as to whether Plaintiff was afforded a prompt judicial determination of probable cause following his warrantless arrest. With respect to all other claims, Plaintiff's Amended Complaint should be dismissed.

**III. NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 8, 2010
s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Victor Tillman and Counsel of record on this date.


Dated: June 8, 2010                            s/ Lisa C. Bartlett
                                                            Case Manager